IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00072-NYW-SBP

CARL E. ROQUEMORE, III,

    Plaintiff,

v.

DEPUTY BARR, DEPUTY YELTON, and DEPUTY T. SMITH,

    Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL**
**(ECF No. 53)**

---

**Susan Prose, United States Magistrate Judge**

This matter comes before the court on the Prisoner Motion to Appoint Counsel ("Motion"), filed October 30, 2023, by Plaintiff Carl E. Roquemore, III. ECF No. 53. The undersigned Magistrate Judge considers the Motion pursuant to 28 U.S.C. § 636(b)(1)(A) and the Order dated August 7, 2023. ECF No. 29; *see also* ECF No. 54, Memorandum Referring Motion. For the following reasons, the court **DENIES** the Motion **without prejudice**.

## BACKGROUND

Mr. Roquemore, a prisoner who is incarcerated at the El Paso County Criminal Justice Center ("CJC"), initiated this action on January 9, 2023. ECF No. 9. On January 10, 2023, the court identified defects in the pleading and directed that Mr. Roquemore file an amended complaint, ECF No. 3, which he submitted on April 7, 2023, ECF No. 14. Mr. Roquemore amended his complaint again on May 3, 2023, ECF No. 20. The court dismissed all of his claims

except for a single claim against Defendants Barr, Yelton, and Smith in their individual capacities. ECF Nos. 25 & 27.  In his surviving claim, Mr. Roquemore alleges that Defendants Barr and Yelton, employees at CJC, assaulted him on August 22, 2022, when they carried him out of his cell and held him while Defendant Smith punched him in the face. Am. Compl., ECF No. 20, at 6. He also alleges that the Defendants laid him on his stomach with his legs over his head, which restricted his breathing. *Id.* at 7. He alleges that he suffered numerous injuries from the incident, including broken cartilage, a bone fracture, black eyes, blood loss, facial swelling, and mental distress. *Id.* at 8. Based on these allegations, Mr. Roquemore asserts a claim against the Defendants under 42 U.S.C. § 1983 for use of excessive force in violation of the Fourteenth and Eighth Amendments to the United States Constitution. *Id.* at 6.

The court held a preliminary scheduling/status conference on November 7, 2023, at which the court set discovery and dispositive motion deadlines. ECF No. 58. Mr. Roquemore participated in the conference by telephone.

Mr. Roquemore has moved for appointment of counsel in this action, ECF No. 53, which is his third request to be appointed counsel. On August 8, 2023, the court denied Mr. Roquemore's previous requests, ECF Nos. 17 and 22, as premature. ECF No. 31 at 3. The court addresses below the arguments Mr. Roquemore raises in the current Motion.

## ANALYSIS

The determination of whether to seek pro bono counsel in a civil case is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). But "[t]he court cannot appoint counsel; instead, the court can only ask an attorney to take the case." *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (citing *Rachel v. Troutt*, 820

F.3d 390, 396-97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual [and legal] issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (listing factors the court should consider in determining whether to appoint pro bono counsel). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.*

In the Motion, Mr. Roquemore seeks appointment of counsel for representation in this matter. Mr. Roquemore reiterates that he is unable to afford counsel and is limited in this ability to litigate his case based on his imprisonment. Mot. ¶¶ 1-2. He asserts that he has limited access to the law library and limited avenues for contacting potential attorneys to represent him. *Id.* ¶¶ 3, 6. He contends that "[t]he trial in this case will likely involve conflicting testimony and counsel would better enable Plaintiff to present evidence and cross examine witnesses." *Id.* ¶ 4.

Upon review of the Motion and the docket in this case, this court cannot conclude that appointment of counsel is warranted at this time. Although the court acknowledges that Mr. Roquemore is incarcerated, that circumstance does not make him unique. *See Rucks*, 57 F.3d at 979 ("While we do not quarrel with [Plaintiff's] assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case."); *see also Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (explaining a district court can refuse to appoint counsel in all but "extreme case[s] where the lack of counsel results in fundamental

3

unfairness"). Mr. Roquemore's claims have not changed—but have in fact been narrowed—since he first moved for appointment of counsel; indeed, only a single claim against Defendants Barr, Yelton, and Smith remains.

Based on the current record before it, the court does not find that the legal issues presented in connection with Mr. Roquemore's excessive force claim are so uniquely complex as to warrant appointment of counsel at this juncture. "[T]he right to counsel in a civil case is not a matter of constitutional right under the Sixth Amendment." *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). And "[a]bsent *exceptional circumstances*, there is no automatic right to appointment of counsel in a civil rights case." *Parker v. Bruce*, 109 F. App'x 317, 321 (10th Cir. 2004) (emphasis added) (quotation omitted). Here, Mr. Roquemore has articulately explained the basis for his claim against the Defendants. He generally followed the court's guidance in amending his complaint and has pleaded a claim that now is proceeding to discovery.

For these reasons, the Motion to Appoint Counsel is **DENIED without prejudice**. Should the circumstances change, Mr. Roquemore may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now *moving to trial*") (emphasis added).

*   *   *

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1) The Prisoner Motion to Appoint Counsel (ECF No. 53) is **DENIED without prejudice**;[1] and

(2) A copy of this Order shall be sent to:

>Carl E. Roquemore, III
>#123828
>Bent County Correctional Facility (BCCF)
>11560 Road FF75
>Las Animas, CO 81054-9573
>
>Case Manager for Carl E. Roquemore, III #123828
>Bent County Correctional Facility (BCCF)
>11560 Road FF75
>Las Animas, CO 81054-9573

DATED: November 8, 2023                    BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").