IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-00072-NYW-SBP

CARL ROQUEMORE, III,

    Plaintiff,

v.

EL PASO COUNTY, COLORADO,
DEPUTY T. SMITH,
DEPUTY D. BARR, and
DEPUTY YELTON,

    Defendants.

## ORDER ON MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Report and Recommendation on Defendant's Partial Motion to Dismiss (the "Recommendation") issued by the Honorable Susan B. Prose on August 21, 2024. [Doc. 137]. Judge Prose recommends that Defendant El Paso County, Colorado's Partial Motion to Dismiss ("Motion" or "Motion for Partial Dismissal"), [Doc. 82], seeking dismissal of Plaintiff's municipal liability claim, be granted. Plaintiff Carl Roquemore, III ("Plaintiff" or "Mr. Roquemore") has filed an Objection to the Recommendation, [Doc. 144], to which Defendant El Paso County, Colorado ("El Paso County" or the "County") has responded, [Doc. 147]. For the reasons set forth in this Order, Plaintiff's Objection is **OVERRULED** and the Recommendation is **ADOPTED**.

## LEGAL STANDARDS

### I. Rule 72(b)

A district court may refer a dispositive motion to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Such specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quotation omitted).

### II. Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quotation omitted). The plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

### III. Municipal Liability

To prevail on a municipal liability claim, Plaintiff must establish (1) that a municipal employee committed a constitutional violation complained of, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation. *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1316 (10th Cir. 1998). Such a municipal "policy or custom" could include (1) an officially promulgated policy; (2) a custom or persistent practice; (3) deliberately indifferent training that results in the violation of a plaintiff's federal protected rights; (4) a single decision by an official with final decision-making authority; or (5) ratification by an official with final decision-making authority of subordinates' decisions. *Brammer–Hoelter v. Twin Peaks Charter Acad.,* 602 F.3d 1175, 1189 (10th Cir. 2010).

### IV. Pro Se Filings

Because Plaintiff proceeds pro se, the Court affords his filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## BACKGROUND

The factual background of this case, drawn from the Third Amended Complaint[1] and taken as true for the purposes of this instant Motion, is set forth in Judge Prose's Recommendation, *see* [Doc. 137 at 2–4], and the Court repeats it here only as necessary

---

[1] The Third Amended Complaint originally was docketed at [Doc. 61 at 3–21], then separately docketed at [Doc. 86] pursuant to an order by Judge Prose. *See* [Doc. 85].

to resolve Plaintiff's objections. Mr. Roquemore was a pretrial detainee confined at the El Paso County Criminal Justice Center (the "CJC") on August 22, 2022, when he was assaulted by Defendants Deputy T. Smith ("Defendant Smith" or "Deputy Smith"), Deputy D. Barr ("Defendant Barr" or "Deputy Barr"), and Deputy Yelton ("Defendant Yelton" or "Deputy Yelton") (collectively, the "Individual Defendants") during a cell transfer. [*Id.* at 2 (citing Doc. 86 at 5)]. Specifically, Plaintiff avers that all three Individual Defendants entered his cell at or around 5:00 a.m., and Deputy Yelton yanked Plaintiff's legs out from under him, then Deputy Yelton and Deputy Barr carried Plaintiff out of his cell, stood him up and held him, while Deputy Smith punched him in the face multiple times. [*Id.* at 2 (citing Doc. 86 at 5–6)].

Mr. Roquemore initiated this civil action by filing a Letter on January 9, 2023. [Doc. 1]. He was ordered to cure the deficiencies in his filing, including by filing an Amended Complaint on the court-approved form Prisoner Complaint. [Doc. 3]. Mr. Roquemore filed a Prisoner Complaint on the court-approved form on April 7, 2023. [Doc. 14]. On April 14, 2023, he was again ordered to file an amended pleading to comply with Rule 8 of the Federal Rules of Civil Procedure and was specifically advised of the standard required for municipal liability and official capacity claims. [Doc. 19 at 4–6]. On May 3, 2024, Plaintiff filed his First Amended Prisoner Complaint. [Doc. 20]. On May 12, 2024, the court directed him file a Second Amended Prisoner Complaint, advising him that his First Amended Prisoner Complaint did not adequately plead a claim based on municipal liability. [Doc. 21 at 6–8]. Mr. Roquemore did not file a Second Amended Prisoner Complaint in time, and thus, his municipal liability claim was dismissed under Rule 8. [Doc. 25; Doc. 27]. Ultimately, Plaintiff was permitted to file the operative Third Amended

4

Complaint that includes two causes of action: (1) a claim for violation of his rights under the Fourteenth and Eighth Amendments of the United States Constitution against the Individual Defendants ("Claim One"), and (2) a claim for municipal liability against El Paso County, asserting that use-of-force methods used against him were the result of an informal policy or custom that allows El Paso County deputies to assault restrained or subdued pretrial detainees ("Claim Two"). [Doc. 86].

On February 16, 2024, El Paso County moved to dismiss Claim Two pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,[2] arguing that Plaintiff had not pleaded sufficient facts upon which a reasonable factfinder could that there was an informal policy or custom triggering municipal liability. [Doc. 82]. This Court referred the instant Motion to Judge Prose. [Doc. 83]. After full briefing on the merits, [Doc. 91; Doc. 98], Judge Prose issued a Recommendation that the Motion for Partial Dismissal be granted. [Doc. 137]. Plaintiff objected, [Doc. 144], and El Paso County responded, [Doc. 147].

**ANALYSIS**

In her Recommendation, Judge Prose sets out the standards for pleading a cognizable municipal liability claim under the theories of (1) informal policy, custom, or ratification; (2) failure to train; (3) failure to supervise; (4) failure to investigate; and (5) failure to discipline. *See generally* [Doc. 137]. Applying those standards and construing the Third Amended Complaint and Mr. Roquemore's filing liberally, as he was proceeding

---

[2] In the title of the filing, El Paso County invoked Rule 12(b)(1), along with Rule 12(b)(6), of the Federal Rules of Civil Procedure. [Doc. 82 at 1]. This Court concurs with Judge Prose that the County did not argue that subject matter jurisdiction was lacking, and that no jurisdictional flaw could be independently ascertained. [Doc. 137]. Neither Party challenges this conclusion. [Doc. 144; Doc. 147].

5

pro se, [*id.* at 5], Judge Prose determined that Plaintiff failed to state a cognizable claim for municipal liability under any of the four theories.  With respect to an informal policy and custom, Judge Prose concluded that that the four other preexisting instances of alleged similar conduct was an insufficient number to constitute a widespread pattern of conduct, but even assuming that four additional instances were a sufficient number, the circumstances were either not adequately described or were not adequately similar to the circumstances pled by Mr. Roquemore.  [*Id.* at 7–13].  With respect to failure to train, Judge Prose found that the Third Amended Complaint does not sufficiently allege a pattern of similar constitutional violations that would have put the County on notice of any deficiency in training policies for CDC deputies.  [*Id.* at 13–15].  Finally, with respect to the failure to supervise, investigate, or discipline theories, Judge Prose found that Mr. Roquemore's cursory allegations were insufficient to state a cognizable claim for municipal liability.  [*Id.* at 16–18].  Accordingly, she recommended that El Paso County's Motion for Partial Dismissal be granted.  [*Id.* at 19].

I.     **Plaintiff's Objection**

Plaintiff filed his Objection on September 12, 2024.  [Doc. 144].  The Objection does not identify nor address any shortcomings of Judge Prose's determination of the applicable legal standards.  *See generally* [*id.*].  Mr. Roquemore does object to Judge Prose's application of the legal standards to the facts that he asserts have already been admitted by Defendants.  [*Id.* at 2–6].  He cites to Admissions #15 and #10 for the propositions that Defendants Smith and El Paso County have admitted to having a history of using excessive force against pretrial detainees, and no entity cleared or investigated the use of force on Plaintiff because he was released from the CJC.  [*Id.* at 2 ¶¶ 1B and

6

1C]. He further argues that he was not permitted to press charges against officers and his grievances were denied. [*Id.* at 2–3 ¶ 1D].

In response to Plaintiff's Objection, the County argues that Plaintiff has forfeited his right to *de novo* review of the Recommendation because the Objection is not sufficiently specific, and this Court should apply a clear error standard. [Doc. 147 at 5–6]. The County further contends that, regardless of the standard applied, Judge Prose's Recommendation should be adopted because Mr. Roquemore's objections "do nothing to move the needle toward plausibility for his municipal liability claim against the County." [*Id.* at 7].

## II.     No Objection to Applicable Legal Standards

As discussed above, Mr. Roquemore makes no objection to the applicable legal standards. "Where an objection is not made or is made improperly, the Court has discretion to review the recommendation under whatever standard it deems appropriate." *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1279 (D. Colo. 2009) (citing *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)). Having reviewed Judge Prose's Recommendation with respect to the applicable legal standards, this Court finds that it is well-reasoned and there is no clear error. *See Ubel v. Progressive Direct Ins. Co.*, No. 20-cv-00204-RM-NYW, 2020 WL 6701102, at *1 (D. Colo. Nov. 13, 2020) (applying deferential review of the magistrate judge's work in the absence of any objection). Accordingly, this Court respectfully **ADOPTS** the legal standards as set forth in the Recommendation.

### III. Challenges to Application of Law to Alleged Facts

As an initial matter, this Court finds that Mr. Roquemore has made sufficiently clear objections that Judge Prose did not correctly apply the law to certain factual allegations he made. This Court considers them below.

***Purported Admissions by Individual or El Paso County Defendants***. This Court notes that Plaintiff did not make arguments based on any admissions made by either Defendant Smith or Defendant El Paso County in his Opposition to the Motion to Dismiss – despite discovery opening on November 7, 2023, [Doc. 58], months before the Opposition to the Partial Motion to Dismiss was filed on February 28, 2024, [Doc. 91]. *Compare* [Doc. 144], *with* [Doc. 91]. Nor does he attach any documentation to support his assertion that such admissions were made. "In this circuit, theories raised for the first time in objections to the magistrate judge's [recommendation] are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001); *see also* NYW Civ. Practice Standard 72.3(b) ("[T]his Court disfavors the consideration of arguments . . . not made to the Magistrate Judge. Should the objecting party seek to make arguments or introduce exhibits that were not raised before the Magistrate Judge, such party must expressly identify those arguments . . . and explain why such omitted arguments . . . should be considered, in the first instance, upon Objection."). Accordingly, these arguments are not properly before the Court.

***Insufficient Factual Allegations.*** To the extent that Plaintiff contends that Judge Prose erred when she concluded that the other instances of alleged misconduct were insufficient to establish an informal policy or custom/ratification; failure to train; failure to supervise; failure to investigate or failure to discipline, [Doc. 144 at 2 ¶ 1C; 3 ¶ 1E], this

8

Court's *de novo* evaluation of Plaintiff's Third Amended Complaint, [Doc. 86], Plaintiff's Opposition to the Motion for Partial Dismissal, [Doc. 91], and Plaintiff's Objection to the Recommendation, [Doc. 144], leads to its independent conclusion that Plaintiff has failed to sufficient allege facts, taken as true, to state a cognizable municipal liability claim.

***Informal Custom or Policy****.*  Even assuming for the purposes of its review of Judge Prose's Recommendation and Plaintiff's Objection that four instances of conduct are numerically sufficient to establish an informal policy or custom, this Court concludes that Plaintiff has failed to allege sufficient facts to allow a factfinder to conclude that the circumstances of each of those instances are factually similar to one another.  *See Arakji v. Hess*, No. 15-cv-00681-CMA, 2015 WL 7755975, at *6 (D. Colo. Dec. 2, 2015) (quoting *Griego v. City of Albuquerque*, 100 F. Supp. 3d 1192, 1213 (D.N.M. 2015)) (observing that "[t]o make allegations sufficient to show an informal policy, custom, or practice, the plaintiff can plead either a pattern of multiple similar instances of misconduct—no set number is required, and the more unique the misconduct is, and the more similar the incidents are to one another, the smaller the required number will be to render the alleged policy plausible.").  Indeed, the closest example identified in Plaintiff's Third Amended Complaint is Toney Ellis ("Mr. Ellis"), who was being escorted to a segregation cell.  [Doc. 86 at 9].  But there are no allegations that Mr. Ellis was escorted by any of the three Individual Defendants, or more importantly, was assaulted by any El Paso County deputy.  [*Id.*].  Rather, the excessive force alleged was that his hands were cuffed behind his back.  [*Id.*].

And while Plaintiff alleges "[t]he custom of using use-of-force method used against Plaintiff match the same criteria use against El Paso County's CJC for almost a decade,"

9

Plaintiff does not allege facts to support that conclusion beyond invoking "the Rodney Eaves Case and the 2016 'fight club' uncovered through civil suit investigation," which is also not further identified, [*id.* at 12]. Nor are there sufficient factual allegations to establish that a final decision maker for El Paso County approved the actions of Plaintiff by Defendants Barr, Yelton, and Smith. *See generally* [Doc. 86; Doc. 91; Doc. 144].

**Failure to Train**. This Court agrees that the controlling case law from the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") holds that incidents that occur after the one at issue in this case cannot have provided El Paso County with notice of violations of constitutional rights in order to trigger the required finding of deliberate indifference. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1286 (10th Cir. 2019). And as discussed above, the prior instances are not similar enough to establish that El Paso County was, or should have been, on notice of particular deficiencies in its training. *See Est. of Lobato v. Correct Care Sols., LLC*, No. 15-cv-02718-PAB-STV, 2017 WL 1197295, at *7 (D. Colo. Mar. 31, 2017). And there are no other factual, nonconclusory allegations that would allow a factfinder to conclude the need for more or different training as to cell movements for pretrial detainees was so obvious that the failure to do so could probably be characterized as "deliberate indifference" to constitutional rights without proof of a pre-existing pattern of violations. *See Valdez v. Macdonald,* 66 F.4th 796, 815 (10th Cir. 2023).

**Failure to Supervise, Investigate, or Discipline**. Similarly, this Court finds that Plaintiff fails to allege sufficient facts with respect to a failure to supervise, investigate, or discipline. For instance, the Third Amended Complaint does not allege facts sufficient to

10

allow a factfinder to conclude that the same supervisors were involved in the various examples identified by Mr. Roquemore.  *See generally* [Doc. 86].

This Court is mindful that, in these types of cases, there is often a potential asymmetry of information.  *See Arredondo v. Reams*, No. 20-CV-1445-WJM-NYW, 2021 WL 6805712, at *7 (D. Colo. Feb. 4, 2021) (declining to dismiss municipal liability claim based on a theory of custom and policy), *report and recommendation adopted,* 2021 WL 6805713 (D. Colo. Mar. 1, 2021); *Kerns v. Sw. Colo. Mental Health Ctr., Inc.*, No. 18-CV-2962-WJM-SKC, 2019 WL 6893022, at *12 (D. Colo. Dec. 18, 2019) (holding that, in the context of a motion to dismiss, plaintiff need not plead the failure to train with additional specificity due to the asymmetry of information); *Estate of Blodgett v. Correct Care Sols.*, LLC, No. 17-CV-2690-WJM-NRN, 2018 WL 6528109, at *6 (D. Colo. Dec. 12, 2018) (considering the impact of an asymmetry of information upon the pleading in the context of a motion to dismiss).  But in this case, Mr. Roquemore has clearly engaged in some discovery before filing his Opposition to the Motion for Partial Dismissal, *see* [Doc. 58], and his Objection, *see* [Doc. 108; Doc. 109].  And despite this, Mr. Roquemore simply has failed to allege enough <u>specific facts</u> for this Court to conclude that his municipal liability claim should move forward on any theory.  Accordingly, this Court respectfully **OVERRULES** Plaintiff's Objection in this regard.

IV.    **CGIA**

Similarly, with respect to any objection based on an attempt to press charges by filing grievances and "communicating with the CGIA," [Doc. 144 at 2–3 ¶ 1D], no such arguments were made in the original Opposition to the Motion for Partial Dismissal, *see* [Doc. 91 at 2–3].  Indeed, Defendant El Paso County did not make an argument for

11

dismissal based on the Colorado Governmental Immunity Act ("CGIA"). [Doc. 82]. And Mr. Roquemore brings no state law tort claims to which the CGIA would apply. *See generally* [Doc. 86]; *see also Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 838 (10th Cir. 2003) (recognizing that the CGIA may apply when federal courts hear Colorado tort claims under supplemental jurisdiction). Therefore, any Objection based on the CGIA is respectfully **OVERRULED**.

## CONCLUSION

For the above reasons, **IT IS ORDERED** that:

(1) Plaintiff's Objection [Doc. 144] is **OVERRULED**;

(2) The Recommendation on Defendant El Paso County's Partial Motion to Dismiss [Doc. 137] is **ADOPTED**;

(3) Defendant El Paso County's Partial Motion to Dismiss [Doc. 82] is **GRANTED**;

(4) Plaintiff's municipal liability claim against Defendant El Paso County is **DISMISSED without prejudice;** and

(5) A copy of this Order shall be sent to:

Carl Roquemore
Inmate No. 123828
CTCF – Infirmary
P.O. Box 1010
Canon City, CO 81215

DATED: September 23, 2024

BY THE COURT:

Nina Y. Wang
United States District Judge